UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE WORLEY,

    Plaintiff,

v.     Case No. 8:17-cv-2827-T-33JSS

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**ORDER**

Defendant Wal-Mart Stores East, LP removed this slip-and-fall case on November 22, 2017, asserting that the requirements for this Court's exercise of diversity jurisdiction have been satisfied. As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

## I. Legal Standard

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot

proceed at all in any cause." Id.

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is also appropriate when an amended pleading, motion, or "other paper" establishes that the jurisdictional requirements are satisfied. 28 U.S.C. § 1446(b)(3).

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**II. Discussion**

In the Notice of Removal, Wal-Mart predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Although Wal-Mart has made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal does not satisfy the Court that the jurisdictional amount has been satisfied.[1] Likewise, the Complaint sheds little light on the amount in controversy.

In her Complaint, Worley maintains, "This is a cause of action for damages in excess of $15,000.00." (Doc. # 2 at ¶ 1). Worley claims that as a result of Wal-Mart's alleged negligence, she suffered:

> bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

---

[1] In the Notice of Removal, Wal-Mart explains that it is a citizen of both Delaware and Arkansas while Worley is a citizen of Florida. (Doc. # 1 at ¶¶ 8-9).

(Id. at ¶ 12).

Absent from the Court's file are any medical reports or other evidence bearing on the nature and extent of Worley's claimed injury. Instead, Wal-Mart's sole basis for the removal of this slip and fall case is Worley's responses to Requests for Admissions regarding the extent of Worley's damages. There, Worley "admits" that she "is alleging damages in excess of $75,000.00." (Doc. # 1-2 at 11-15). In the same Requests for Admissions, Wal-Mart requests that Worley "provide an itemized breakdown of the damages that Plaintiff is seeking." (Id. at 12). Without providing any breakdown or explanation, Worley simply responds: "Plaintiff's medical bills alone exceed $75,000 at this time." (Id. at 15).

As previously stated, the Complaint alleges damages "in excess" of $15,000 dollars. (Doc. # 2 at ¶ 1). Without any further specificity on damages, Wal-Mart, as the removing party, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The removing defendant bears the burden of establishing facts that support federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 Fed. App'x

480, 481 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

Here, Wal-Mart postulates that Worley's admissions made in response to discovery establish the amount in controversy. Such admissions certainly can carry the day when they are detailed and contain substantive factual information. However, the admissions and denials before the Court are devoid of the kind of factual information that is necessary to make a jurisdictional finding.

Worley's responses do not satisfy the Court that the amount in controversy is satisfied because "a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert v. Sears, Roebuck & Co., No. 8:13-cv-2599-T-23EAJ, 2013 U.S. Dist. LEXIS 149561, *3 (M.D. Fla. Oct. 17, 2013). There, the court explained:

> The court has an obligation to determine that the requisite jurisdictional amount is satisfied and that inquiry is independent of the parties' assertions or desires to litigate in federal court. Allowing the parties to invoke jurisdiction by merely claiming in concert that the amount-in-controversy exceeds the jurisdictional requirement is tantamount to allowing the parties to consent to removal jurisdiction. Thus, although a plaintiff

5

> may stipulate to an amount less than the jurisdictional minimum to avoid removal, the converse is not true. Jurisdiction cannot be assumed without further inquiry based on the plaintiff's stipulation that the plaintiff is seeking more.

Id. at *3-4 (internal citations and quotation marks omitted).

Here, as in Eckert, Worley's responses to requests for admissions (1) offer no factual basis to support that the amount in controversy requirement is satisfied; (2) are nothing more than legal conclusions; and (3) fail to relieve the removing defendant of the obligation to demonstrate facts supporting the existence of federal subject matter jurisdiction. Accord Wood v. Wal-Mart Stores, E. LP, No. 8:16-cv-3477-T-33AAS, 2016 U.S. Dist. LEXIS 178524, at *2 (M.D. Fla. Dec. 27, 2016)(remanding slip and fall action when removal was predicated upon plaintiff's "admission" that she alleged damages in excess of $75,000 because "jurisdictional objections cannot be forfeited or waived")(citing Eckert, 2013 U.S. Dist. LEXIS 149561, at *3); Younkman v. Dillard's, Inc., No. 2:15-cv-361-FtM-99DNF, 2015 U.S. Dist. LEXIS 99734, at *6 (M.D. Fla. July 30, 2015)(noting that "a Notice of Removal must plausibly allege the jurisdictional amount, and the mere refusal to admit that the amount is less than $75,000 is insufficient.")(internal citation omitted); Martinez v. First

6

Liberty Ins. Corp., No. 8:14-cv-3148-T-23AEP, 2015 U.S. Dist. LEXIS 69001, at *3 (M.D. Fla. May 28, 2015)(remanding breach of contract action when notice of removal was predicated on plaintiff's admission that the amount in controversy exceeded $75,000 and provided no factual basis in support of that legal conclusion).

Wal-Mart, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy plausibly exceeds $75,000. Therefore, the Court remands the case to state court because "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of November, 2017.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE